# PREMIER CAPITAL, INC. *v.* DAVID S. GROSSMAN ET AL.
## (AC 24136)

Foti, Schaller and West, Js.

Argued January 16—officially released April 6, 2004

*Neal L. Moskow,* with whom, on the brief, was *Deborah M. Garskof,* for the appellant-appellee (plaintiff).

*David S. Grossman,* for the appellees-appellants (defendants).

*Opinion*

SCHALLER, J. The plaintiff, Premier Capital, Inc., appeals and the defendants, David S. Grossman and Myrna S. Grossman, cross appeal from the trial court's judgment rendered after a remand from this court.[1] The case was "remanded for further proceedings to determine the appropriate amount of the credit to be offset against the $18,100.20 judgment on the [defendant's] debt [owed to the plaintiff]. In all other aspects the judgment is affirmed." *Premier Capital, Inc.* v. *Grossman,* 68 Conn. App. 51, 60, 789 A.2d 565, cert. denied, 260 Conn. 917, 797 A.2d 514 (2002). The plaintiff claims on appeal that the court (1) improperly determined the valuation date for stock used as collateral for the defendants' debt owed to the plaintiff on a promissory note, (2) unjustly enriched the defendants because the value of the stock increased due to the delays inherent in litigation, (3) failed to consider the stock certificates offered by the plaintiff after the remand and (4) improperly failed to award attorney's fees. The defendants claim on cross appeal that the court improperly (1) failed to reconsider the interest award and (2) determined the award of attorney's fees.

---

[1] The defendants are husband and wife.

We conclude that the court properly determined the valuation date of the stock and affirm the judgment of the trial court.[2]

The relevant facts and procedural history of this case can be found in *Premier Capital, Inc.* v. *Grossman,* supra, 68 Conn. App. 51–56. On remand, the trial court concluded that "the correct and appropriate date for a determination of the valuation of the one hundred twenty-three (123) shares of General Electric Corporation stock must be the date of an unequivocal demand for payment of the debt secured by the note and the pledged certificates." The court found that August 1, 1996, the date when the plaintiff sent a certified letter to the defendants demanding payment of the outstanding balance due on the note, was the correct date for the determination of the appropriate amount of credit to

[2] We will not review any of the other claims and cross claims of the parties because they were beyond the scope of the limited remand from the original appeal. Those issues were not part of the remand, and the trial court properly did not address them.

"Well established principles govern further proceedings after a remand by this court. In carrying out a mandate of this court, the trial court is limited to the specific direction of the mandate as interpreted in light of the opinion. . . . This is the guiding principle that the trial court must observe. . . . It is the duty of the trial court on remand to comply strictly with the mandate of the appellate court according to its true intent and meaning. . . . The trial court should examine the mandate and the opinion of the reviewing court and proceed in conformity with the views expressed therein. . . . So long as these matters are not extraneous to the issues and purposes of the remand, they may be brought into the remand hearing." (Internal quotation marks omitted.) *TDS Painting & Restoration, Inc.* v. *Copper Beech Farm, Inc.,* 73 Conn. App. 492, 506–507, 808 A.2d 726, cert. denied, 262 Conn. 925, 814 A.2d 379 (2002).

In *Premier Capital, Inc.* v. *Grossman,* supra, 68 Conn. App. 51, 60, we reversed the judgment of the trial court on the limited issue that it "fail[ed] to allow the defendants a credit for the value of the stock" and remanded the case "for further proceedings to determine the appropriate amount of the credit to be offset against the $18,100.20 judgment on the debt." Id. Because all of the other claims and cross claims are extraneous to the purpose of the remand order and properly were not ruled on by the court, we do not address them.

be offset against the $18,100.20 judgment on the debt. Likewise, the plaintiff stated in a brief submitted at the original trial of this case that the cause of action for the breach of contract "accrues at the time of demand." The plaintiff further argued then that "[w]hen defendants failed to make payment following demand on August 1, 1996, [their] cause of action accrued."

The plaintiff claims on appeal that the court improperly determined the valuation date for stock used as collateral for the debt. Specifically, the plaintiff argues in its brief that "[b]y selecting August 1, 1996, as the date on which to ascribe value to the stock, because that was the date on which the plaintiff made written demand for payment, the trial court committed clear error, which requires reversal." The plaintiff contends on appeal that "the only 'appropriate credit' is the value of the 123 shares on the date when they become alienable, that is, the date on which the [defendants were] ordered to execute stock powers so that the shares can be liquidated."

"[P]arties contract with reference to existing law, except when the contract discloses a contrary intention. . . . Unless the agreement indicates otherwise, [the law] existing at the time an agreement is executed becomes a part of it and must be read into it just as if an express provision to that effect were inserted therein." (Citation omitted.) *Hatcho Corp.* v. *Della Pietra*, 195 Conn. 18, 21, 485 A.2d 1285 (1985). Determining what law is actually incorporated into the contract is a question of law that we review on a de novo basis. See Practice Book § 60-5. The court's determination that August 1, 1996, is the date of unequivocal demand was a question of fact, which we review under the clearly erroneous standard. See *Giulietti* v. *Giulietti*, 65 Conn. App. 813, 833, 784 A.2d 905, cert. denied, 258 Conn. 946, 947, 788 A.2d 95, 96 (2001).

We first address the underlying legal theory utilized by the court that the date of unequivocal demand was the proper valuation date for the shares. The plaintiff's argument that the date of valuation should be the date that the shares became alienable is without merit. First, as a "promissory note is nothing more than a written contract for the payment of money . . . contract law must govern." (Citation omitted; internal quotation marks omitted.) *McKeever* v. *Fiore*, 78 Conn. App. 783, 793, 829 A.2d 846 (2003). "In an action for breach of contract . . . the cause of action is complete at the time the breach of contract occurs, that is, when the injury has been inflicted." (Internal quotation marks omitted.) *Hill* v. *Williams*, 74 Conn. App. 654, 662, 813 A.2d 130, cert. denied, 263 Conn. 918, 822 A.2d 242 (2003). If a plaintiff seeking to collect on a promissory note exercises his option to accelerate, *the cause of action accrues at the time of the demand. Piantedosi* v. *Floridia*, 186 Conn. 275, 276, 440 A.2d 977 (1982). Likewise, the value of the shares is to be determined from the date of the breach of the contract. See *Levesque* v. *D & M Builders, Inc.*, 170 Conn. 177, 181, 365 A.2d 1216 (1976). As such, the court properly held that "the correct and appropriate date for a determination of the valuation of the one hundred twenty-three (123) shares of General Electric Corporation stock must be the date of unequivocal demand for payment of the debt secured by the note and the pledged certificates."

Moreover, our case law is well settled that a party "may not try its case on one theory and appeal on another." *Mellon* v. *Century Cable Management Corp.*, 247 Conn. 790, 799, 725 A.2d 943 (1999). The plaintiff specifically argued at the original trial that the cause of action accrued on August 1, 1996, the date of demand on the defendants. On remand after appeal, the plaintiff set forth a new legal theory that the appropriate credit for the shares must be the date when the shares became

alienable. That theory directly contradicts the original argument at trial relating to the tolling of the statutes of limitation, to which the court acquiesced and we upheld. Moreover, the plaintiff failed to cite *any* authority for its more recent legal assertion.

We next address whether the court's determination that August 1, 1996, is the date of unequivocal demand was proper. The court discussed numerous possible dates for determination of the credit due. Of the dates discussed, only three of the dates could possibly be considered as dates of an unequivocal demand for payment of the debt secured by the promissory note and the pledged General Electric Corporation stock. Those dates were (1) April 21, 1994, when the Federal Deposit Insurance Corporation (FDIC) wrote a letter to the defendants, informing them, as of that date, of the total amount due and owing under the note, (2) June 24, 1994, when the FDIC provided the defendants with the applicable stock certificate numbers, again requesting that they sign the corresponding stock powers and forward those documents to the FDIC, and (3) August 1, 1996, when "the plaintiff sent a certified letter to the defendants, demanding payment of the outstanding balance due on the note, which as of that date amounted to $14,409.33 in principal and interest." *Premier Capital, Inc.* v. *Grossman,* supra, 68 Conn. App. 54. The court on remand determined the demand date to be August 1, 1996, because the other "so-called demands fall short of a clear and unambiguous demand."

On the basis of our review of the record, we conclude that it was not clearly erroneous for the court to select August 1, 1996, as the unequivocal demand date. The FDIC's letters on April 21 and June 24, 1994, could be characterized as requests, not demands, that stock powers be signed. In *Premier Capital, Inc.* v. *Grossman,* supra, 68 Conn. 54, we construed the two letters written by the FDIC as requests and referred only to

the plaintiff's August 1, 1996 certified letter to the defendants as a demand. Id. As previously discussed, the plaintiff also claimed at the original trial that the date of demand was August 1, 1996. Because sufficient evidence existed to support the court's determination that August 1, 1996, was the demand date, that finding is not clearly erroneous. Accordingly, we conclude that the court properly determined the valuation concerning the stock used as collateral for the debt.

The judgment is affirmed.

In this opinion the other judges concurred.