### HOLLY J. BLINKOFF ET AL. *v.* O AND G INDUSTRIES, INC.
### (AC 24858)

Flynn, Bishop and DiPentima, Js.

Argued November 15, 2004—officially released May 31, 2005

*Holly J. Blinkoff*, pro se, the appellant (named plaintiff).

*Everett E. Newton*, for the appellee (defendant).

*Opinion*

BISHOP, J. The plaintiff Holly J. Blinkoff[1] appeals from the trial court's judgment of nonsuit rendered in favor of the defendant, O & G Industries, Inc. On appeal, Blinkoff claims that the court incorrectly rendered a judgment of nonsuit as a discovery sanction. We agree and, accordingly, reverse the judgment of nonsuit.

The following facts and procedural history are pertinent to our discussion of the issues on appeal. On June 22, 2001, the plaintiffs filed a revised complaint alleging that the defendant "obtained and exercised unfair advantage in competition with the plaintiffs" by exerting undue influence over public officials in Torrington in violation of General Statutes § 42-110a et seq. and the fourteenth amendment to the United States constitution. The defendant denied the allegations. The

---

[1] Quality Sand & Gravel, Inc., which is owned by Blinkoff, was also a plaintiff at trial but has not appealed.

plaintiffs sought to prove that improper relationships between the defendant and several public officials had harmed their business. Once the case was docketed, the defendant sought discovery from the plaintiffs regarding their claims.

The defendant's first set of interrogatories and document requests, dated October 11, 2001, requested names, dates and documentation to substantiate the plaintiffs' claims. On October 22, 2001, the plaintiffs filed a motion for an extension of sixty days to respond to this discovery request.[2] On December 14, 2001, the defendant filed a motion to dismiss the plaintiffs' claims "for failure to respond to [the defendant's] discovery requests dated October 11, 2001." On January 7, 2002, the court ordered the plaintiffs to comply with the defendant's discovery requests by February 7, 2002, stating: "If the [defendant] has not received compliance by that date, it may file an additional motion attesting to the fact and referencing this order. Upon such additional motion's appearance on the short calendar, and absent the filing of proof of compliance by the time of such appearance, default-nonsuit will be granted." On February 1, 2002, Blinkoff responded to the defendant's October 11, 2001 discovery requests. On February, 27, 2002, the defendant filed another motion to dismiss, stating that "Blinkoff's [February 1, 2002] 'answers' are evasive and nonresponsive and merit the sanction of dismissal." The court denied the motion on June 18, 2002, stating that it could not "at [that] point make a determination that its order of January 7, 2002, was violated."

On October 25, 2002, the defendant filed a motion to compel the Blinkoff's deposition and for sanctions, claiming that her attorney, John R. Williams,[3] refused

---

[2] The motion for extension of time never was ruled on by the court.

[3] Williams was serving as counsel for the plaintiff at that time. On August 14, 2003, the plaintiff filed a pro se appearance in addition to the appearance of Williams.

to cooperate in setting a date for the deposition. The court ordered Blinkoff to be deposed on or before December 16, 2002. Blinkoff complied with that order and was deposed on December 11, 2002. On January 28, 2003, the defendant filed a motion to compel the plaintiffs "to produce certain documents and to update their answers to certain interrogatories or be nonsuited for failure to comply with discovery requirements." The defendant claimed that Blinkoff's responses to interrogatories and the document requests were incomplete in light of her answers to several deposition questions. On March 10, 2003, the court granted the motion and ordered "that if the plaintiffs do not produce within fourteen days hereof documents and answers responsive to [the] defendant's requests or a statement that all responsive documents and answers have already been produced, then a nonsuit shall enter upon [the] defendant's notice to the court of [the] plaintiffs' noncompliance."

The defendant never filed a notice of noncompliance, and, therefore, a judgment of nonsuit did not enter pursuant to the court's March 10, 2003 conditional order. The plaintiffs, nevertheless, filed a motion on May 16, 2003, to vacate the nonsuit, claiming that "the plaintiffs have this day fully complied with all of the defendant's discovery requests by forwarding to lead counsel for the defendant, via messenger, four (4) file boxes and seven (7) binders of documents." The court denied the plaintiffs' motion to vacate on August 18, 2003. On the basis of our review of the record, the motion to vacate and the subsequent denial of that motion had no effect on the status of this matter because the judgment the plaintiffs sought to vacate, in fact, had not been entered.

On October 2, 2003, the defendant filed a motion for entry of a judgment of nonsuit on the ground that the plaintiffs had not complied with the court's March 10,

2003 order to produce the required documents within fourteen days. In response, Blinkoff on October 16, 2003, filed an objection to the motion and included a statement that, in fact, she had complied with the defendant's discovery requests. The court granted the motion on October 22, 2003, and a judgment of nonsuit was rendered. The judgment stated: "The court finds the issues in favor of the defendant and grants the defendant's motion for entry of [a] judgment of non-suit." Blinkoff filed a motion to reinstate the legal action, which the court treated as a motion to open and denied. This appeal followed.

We first set forth the applicable standard of review. "In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. . . . This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." *Millbrook Owners Assn., Inc.* v. *Hamilton Standard,* 257 Conn. 1, 17–18, 776 A.2d 1115 (2001).

The first requirement of *Millbrook Owners Assn., Inc.*, is satisfied because the record reveals that the order on March 10, 2003, was reasonably clear. We must, therefore, consider whether Blinkoff in fact violated the order and whether the court abused its discretion in ordering a sanction that was not proportional to the violation. We address each issue in turn.

Blinkoff argues that it was clearly erroneous for the court to find that there was a violation of the discovery

order.[4] "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence . . . . We cannot retry the facts or pass on the credibility of the witnesses. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Premier Capital, Inc.* v. *Grossman,* 68 Conn. App. 51, 59, 789 A.2d 565, cert. denied, 260 Conn. 917, 797 A.2d 514 (2002), on appeal after remand, 82 Conn. App. 390, 845 A.2d 442, cert. denied, 271 Conn. 901, 859 A.2d 564 (2004).

On March 10, 2003, the court granted the defendant's motion to compel and ordered that Blinkoff would be nonsuited if she did not, within two weeks, produce all relevant documents or submit a statement that all responsive documents and answers had been produced. She did not comply with this order until two months later on May 16, 2003. Therefore, she did not meet the two week deadline. On the basis of the two month delay, we cannot conclude that the court's findings were clearly erroneous in its determination that the order had been violated because Blinkoff did not comply with the order within the time prescribed by the court.

Blinkoff next argues that the court abused its discretion because the sanction of nonsuit was not proportional to the discovery violation. We agree.

The defendant contends that this court should not reach this issue because Blinkoff "has failed to provide an adequate record for review" by not ordering tran-

---

[4] We note that Blinkoff had been ordered by the court to complete discovery on several occasions in the past. The record shows, however, that she complied on each occasion: She submitted discovery responses in February, 2002, and appeared for a deposition in December, 2002.

scripts and by not requesting an articulation of the court's judgment. The defendant asserts that the "record that does appear from the face of the designated pleadings demonstrates that [the court] had adequate materials before [it] to support [the] conclusion that a nonsuit was the proper sanction." The defendant's argument is unavailing. The record before us, which contains the pleadings as well as the court's October 22, 2003 judgment, is adequate for appellate review.[5]

We therefore review whether the court abused its discretion in rendering a judgment of nonsuit as a sanction. "[D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In addition, the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules are a means to justice, and not an end in themselves. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority . . . the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction

---

[5] Blinkoff's failure to secure a transcript of the August 18, 2003 denial on the motion to vacate is not fatal to her appeal because the record reveals that a judgment of nonsuit had not entered.

of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Citations omitted; internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard,* supra, 257 Conn. 16–17. The reasoning of *Millbrook Owners Assn., Inc.* applies equally to nonsuits and dismissals.

The record reveals that in the October 2, 2003 motion seeking an entry of judgment of nonsuit, the defendant asserted that the plaintiffs "failed to produce the required documents and answers or statements" within the time period set forth in the March 10, 2003 order. In the motion, the defendant embraced the assertions made by the plaintiffs in their motion to vacate the nonsuit dated May 13, 2003. In that motion, the plaintiffs alleged that they had on that date fully complied with the defendant's discovery requests. The defendant did not allege, as it had in the February 27, 2002 motion, that the answers were nonresponsive and therefore constituted grounds for sanctions themselves. The court nevertheless rendered a judgment of nonsuit against Blinkoff pursuant to Practice Book § 13-14.[6] Under *Mill-*

---

[6] Practice Book § 13-14 provides in relevant part: "(a) If any party has failed to answer interrogatories or to answer them fairly, or has intentionally answered them falsely or in a manner calculated to mislead . . . the judicial authority may, on motion, make such order as the ends of justice require.

"(b) Such orders may include the following:

"(1) The entry of a nonsuit or default against the party failing to comply;

"(2) The award to the discovering party of the costs of the motion, including a reasonable attorney's fee;

"(3) The entry of an order that the matters regarding which the discovery was sought or other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(4) The entry of an order prohibiting the party who has failed to comply from introducing designated matters in evidence;

"(5) If the party failing to comply is the plaintiff, the entry of a judgment of dismissal. . . ."

*brook Owners Assn., Inc.*, we must determine whether that sanction was proportional to the discovery violation. See *Usowski* v. *Jacobson*, 267 Conn. 73, 91, 836 A.2d 1167 (2003). Specifically, in the circumstances of this case, we must determine whether the court abused its discretion by nonsuiting Blinkoff on the basis of a two month delinquency in responding to the March, 2003 order even though she had complied several months before the dispositive motion was filed on October 2, 2003.

In determining whether the judgment of nonsuit was proportional to the violation, we focus on the nature of the discovery violation. See id., 93. As of the filing of the defendant's motion for nonsuit in October, 2003, Blinkoff had complied with all of the court's other orders.[7] The two month delay does not demonstrate a "contumacious or unwarranted disregard for the court's authority . . . ." (Internal quotation marks omitted.) Id., 95. While recognizing that Blinkoff demonstrated a lack of diligence and adherence to court orders regarding discovery, we nevertheless believe that because she had in fact later complied with the defendant's discovery requests in a fashion that the defendant does not claim prejudiced its ability to prepare for trial, the court's imposition of the ultimate sanction of nonsuit was disproportionate to Blinkoff's violation of its previous order.

The judgment is reversed and the case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.

---

[7] The defendant argues that Blinkoff had a history of discovery violations and that these violations support the court's decision to nonsuit her. The record, however, does not support this contention. In February, 2002, Blinkoff was ordered to respond to discovery, and she complied. In December, 2002, she was ordered to appear for a deposition, and she immediately complied. There are no other discovery violations in the record.