EDWARD J. TUCCIO ET AL. *v.* JACK D. GARAMELLA
(AC 29254)

Lavine, Beach and Stoughton, Js.

Argued January 13—officially released May 5, 2009

*John R. Williams*, for the appellants (plaintiffs).

*Daniel B. Fitzgerald*, with whom, on the brief, was *David R. Makarewicz*, for the appellee (defendant).

STOUGHTON, J. The plaintiffs, Edward J. Tuccio and Tuccio Development Corporation, Inc., have appealed from the judgment of nonsuit rendered against them and from the denial of their motion to set aside the judgment of nonsuit. The plaintiffs claim that nonsuit as a discovery sanction under the circumstances in this case was unduly harsh and an abuse of the trial court's discretion. We agree and, accordingly, reverse the judgment of the trial court.

The facts do not appear to be in dispute. In August, 2006, the plaintiffs commenced this action against the defendant, Jack D. Garamella, alleging legal malpractice and claiming damages. The pleadings were closed, and, thereafter, on February 23, 2007, the defendant filed a set of interrogatories and requests for production. The plaintiffs moved to extend the time in which to respond to the defendant's discovery request to April 23, 2007, and the motion was granted by the court. On April 16, 2007, the plaintiffs moved for an additional extension of time until May 23, 2007. The defendant objected to this request, but neither his objection nor the plaintiffs' request for an additional extension was ruled on. On June 13, 2007, the defendant filed a motion requesting that the court (1) enter a nonsuit against the plaintiffs for their failure to respond to his interrogatories and requests for production or (2) order that responses to his discovery request be provided within seven days of the court's order. The court, after a hearing on July 30, 2007, granted the defendant's request for a nonsuit and rendered judgment accordingly.[1] The plaintiffs

---

[1] The defendant also requested that the court award him the costs of the motion, including a reasonable attorney's fee, which the court denied.

responded to the interrogatories and requests for production on August 13, 2007, and on August 15, 2007, moved to set aside the judgment of nonsuit. That motion was denied after a hearing on October 1, 2007. This appeal followed.

The plaintiffs claim that the court abused its discretion when it entered a nonsuit against them and denied their motion to set aside the judgment of nonsuit. Because we agree with the plaintiffs in regard to their first claim, we need not reach the plaintiffs' second claim.

The defendant's motion for a nonsuit or to compel compliance was assigned to be heard in Danbury on July 30, 2007. When the matter was called, counsel for the plaintiffs, John R. Williams, did not appear, and the court thereupon granted the motion. Later that day, a lawyer from the office of attorney Williams appeared before the court. She informed the court that she had been delayed in traffic coming from New Haven and that she had instructed her office to inform the defendant's counsel on his cellular telephone. The court suggested that she consult with the defendant's counsel. The defendant's counsel reentered the courtroom before the colloquy between the court and the plaintiffs' counsel had ended and thereafter agreed that the prior orders be vacated. The court asked why there had been no response to the defendant's discovery request, and the plaintiffs' counsel replied that she could report only that Tuccio had been involved in a federal trial during that period and that Williams had been working with Tuccio to finalize the answers. Although it is not as clear as it might be from the transcript, Williams informed us during oral argument that he and Tuccio had been engaged in a trial at the time. The court observed, quite properly, that the fact of counsel's being engaged in a trial elsewhere did not excuse the noncompliance and thereafter rendered judgment of nonsuit.

Practice Book § 13-14 provides sanctions for failure to answer interrogatories, which the court may order upon motion as the ends of justice require. These orders may vary in severity from entry of a nonsuit or default or judgment of dismissal to an award of costs of the motion, including a reasonable attorney's fee. "Decisions on the entry of such sanctions rest within the sound discretion of the trial court." *Rullo* v. *General Motors Corp.*, 208 Conn. 74, 78, 543 A.2d 279 (1988). On viewing a claim that this discretion has been abused, "great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [T]he ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) Id., 78–79.

"The factors to be considered by the court include: (1) whether the noncompliance was caused by inability, rather than wilfulness, bad faith or other fault; (2) whether and to what extent noncompliance caused prejudice to the other party, including the importance of the information sought to the party's case; and (3) which sanction would, under the circumstances of the case, be an appropriate judicial response to the noncomplying party's conduct." *Biro* v. *Hill*, 231 Conn. 462, 464–65, 650 A.2d 541 (1994).

There is an insufficient record from which to conclude either that counsel was unable to respond to the interrogatories before he did, or that failure to respond was wilful or in bad faith, and the court made neither finding. There was no evidence of prejudice to the defendant except for his claim that he was prejudiced by the lawsuit against him itself.[2]

---

[2] Specifically, the defendant claims that he is prejudiced in the following manner: (1) potential clients can go to the judicial branch Internet site and see that there is a lawsuit pending against him for legal malpractice; (2) he has to continue making payments toward his malpractice insurance deductible while his insurance company is paying an attorney to represent

We therefore review whether the court abused its discretion in rendering a judgment of nonsuit as a sanction. "[D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . In addition, the court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Rules are a means to justice, and not an end in themselves. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority . . . the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court. . . . *Millbrook Owners Assn., Inc.* v. *Hamilton Standard,* [257 Conn. 1, 16–17, 776 A.2d 1115 (2001)]. The reasoning of *Millbrook Owners Assn., Inc.,* applies equally to nonsuits and dismissals." (Internal quotation marks omitted.) *Blinkoff* v. *O & G Industries, Inc.,* 89 Conn. App. 251, 257–58, 873 A.2d 1009, cert. denied, 275 Conn. 907, 882 A.2d 668 (2005).

him in the matter; and (3) he has to take time away from his legal practice to respond to the plaintiffs' arguments, to form a defense or to educate his attorneys about the factual background of the case.

There was a delay and lack of diligence on the part of the plaintiffs with no real explanation for the delay in responding to the interrogatories. Nevertheless, under the circumstances of this case, we conclude that the ultimate sanction of nonsuit was disproportionate to the violation of the discovery request and therefore an abuse of discretion. See id., 259. We also note that although a nonsuit had entered, compliance occurred soon thereafter in a fashion that the defendant does not claim prejudiced his ability to prepare for trial.

The judgment is reversed and the case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.