******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WARREN NULL *v.* ADELE R. JACOBS
(AC 37509)

Lavine, Alvord and Harper, Js.

*Argued February 9—officially released May 10, 2016*

(Appeal from Superior Court, judicial district of Waterbury, Shapiro, J.)

*Robert S. Kolesnik, Sr.*, with whom, on the brief, was *Stephanie E. Cummings*, for the appellant (plaintiff).

*David J. Robertson*, with whom, on the brief, were *Madonna A. Sacco* and *Christopher H. Blau*, for the appellee (defendant).

*Opinion*

HARPER, J. This is a legal malpractice and breach of contract action. In a previous action, the defendant, Adele R. Jacobs, rendered legal services to the plaintiff, Warren Null, which allegedly failed to meet the applicable standard of care. The plaintiff then retained a new attorney both to replace the defendant in the underlying action and to pursue the claims in the present case. During a protracted discovery period in the present case where many discovery related motions were filed, the trial court ordered the plaintiff's counsel to be deposed because his testimony was necessary to explore the plaintiff's malpractice claim. When counsel failed to appear for a deposition, the court found that the plaintiff had violated this order and, pursuant to a motion, rendered a judgment of nonsuit as a discovery sanction. On appeal, the plaintiff claims that the court improperly (1) rendered a judgment of nonsuit as a discovery sanction because, contrary to the court's findings, his counsel exercised due diligence to comply with the court's order and the sanction was not proportional to the violation; and (2) denied his postjudgment motion to reargue. We affirm the judgment of the court.

The following facts and procedural history guide our analysis. The defendant previously represented the plaintiff in a personal injury action for injuries sustained in a motor vehicle accident. The matter settled before trial. The defendant allegedly promised the plaintiff that after attorney's fees and costs, he would receive $175,000 from the settlement proceeds. Subsequently, the defendant allegedly notified the plaintiff that his settlement proceeds would be substantially smaller because of an unpaid medical lien. To ensure payment, the defendant allegedly held approximately $90,000 in escrow pending successful negotiation of the lien. Dissatisfied with the defendant's actions, the plaintiff retained another attorney, Robert S. Kolesnik, Sr., to negotiate the lien on his behalf. As a result of Kolesnik's representation, the plaintiff incurred legal fees in the amount of approximately $27,883.68. On January 31, 2011, the plaintiff commenced the present action against the defendant to recover these legal fees as damages. Kolesnik represented the plaintiff before the trial court in the present case and represents him in this appeal.

As early as March 20, 2014, the parties had discussed the possibility that the defendant might seek to take Kolesnik's deposition. Shortly thereafter, the defendant noticed Kolesnik's deposition. In response, on April 15, 2014, the plaintiff filed a motion for a protective order, seeking to preclude the defendant from taking Kolesnik's deposition. In support of his motion, the plaintiff asserted that "the purpose of the deposition is harassment and an attempt to force counsel to withdraw from the case." On May 7, 2014, the court, *Shapiro, J.*, denied

the motion for protective order. In its memorandum of decision, the court noted that Kolesnik was retained in the underlying matter to negotiate a medical lien for the plaintiff. It also noted that in the present case, the plaintiff claimed as damages an amount equal to the attorney's fees he allegedly incurred in connection with the lien negotiation. Under these circumstances, the court concluded, it was reasonable for the defendant to depose Kolesnik. The court ordered Kolesnik to be deposed by July 21, 2014.

Kolesnik failed to be deposed. Consequently, on July 21, 2014, the defendant filed a motion for nonsuit, pursuant to Practice Book § 13-14,[1] for failure to comply with the court's order. In her memorandum in support of the motion for nonsuit, the defendant argued that Kolesnik was a crucial witness whose deposition was necessary for her to prepare a defense. She also represented that she attempted to obtain dates for Kolesnik's deposition on numerous occasions, but he never responded and never scheduled a deposition date.[2] The plaintiff filed a written objection to the defendant's motion for nonsuit on July 31, 2014, in which Kolesnik stated that "[t]he undersigned attorney, despite due diligence, has been unable to retain counsel so that he may be deposed. . . . Plaintiff's counsel cannot be deposed until replacement counsel is retained." No motion for extension of time was filed.

The parties appeared for a hearing on the motion for nonsuit on September 15, 2014. The plaintiff urged the court to deny the motion, arguing that he had attempted to comply with the court's order, but was unable to find counsel to replace Kolesnik. On this point, Kolesnik represented at the hearing that as soon as he realized that the defendant wished to depose him, he contacted Bruce Stanger, an attorney who specializes in legal malpractice, described the case to him, and sent documents for him to review. He further represented that Stanger "gave [him] the impression that he would take the case," but declined at the last minute. Kolesnik stated that the precise day that Stanger declined the case was the Thursday before the September 15, 2014 hearing. Thus, Kolesnik had no record of contact with Stanger from April 22, 2014, until days before the hearing. Kolesnik submitted three exhibits to substantiate these representations: a cover letter addressed to Stanger dated April 15, 2014, which states that relevant documents are enclosed; an e-mail from his assistant to Stanger dated April 24, 2014, with an attachment; and a telephone message invoice, dated September 11, 2014, which states that Stanger declined the case.

On October 20, 2014, the court, *Shapiro, J.*, issued a memorandum of decision granting the defendant's motion for nonsuit. The court made a number of observations and findings in support of its decision to render a judgment of nonsuit. First, the court noted that it

previously had determined that the defendant was warranted in seeking Kolesnik's deposition because he personally had participated in the events which resulted in the plaintiff's malpractice claim. Second, the court observed that "it should have been apparent to [Kolesnik] at the inception of this matter that it was likely that he would have to be a witness" because it was not disputed "that [Kolesnik] was hired by the plaintiff to represent him for purposes of negotiating the lien and that the plaintiff is seeking to recover attorney's fees that he allegedly paid to [Kolesnik] for negotiating the lien." Third, notwithstanding the legitimate need to depose Kolesnik, the court found that: its previous order requiring Kolesnik to appear for a deposition by July 21, 2014 was clear; the plaintiff had violated that order; the violation was the result of a lack of due diligence and disregard for the court's authority; the violation was not an isolated event, but instead was part of a pattern of noncompliance with court orders; and the violation had prejudiced the defendant's ability to prepare a defense and prepare for trial. With respect to the issue of due diligence, the court found that Kolesnik only solicited a single attorney, namely, Stanger, as replacement counsel. The court found that Kolesnik only communicated with Stanger in April, 2014 and September, 2014, with the latter contact coming six weeks after the July 21, 2014 deposition deadline.

The plaintiff subsequently filed a postjudgment motion to open the judgment and/or reargue. The court denied this motion, and this appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly rendered a judgment of nonsuit against him as a sanction for his noncompliance with a discovery order. We disagree.

"In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. . . . This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion." (Internal quotation marks omitted.) *Usowski* v. *Jacobson*, 267 Conn. 73, 85, 836 A.2d 1167 (2003).

We conclude that all three requirements were satisfied. With respect to the first requirement, the court's order could not be any clearer: "the court directs that [Kolesnik] be deposed in this matter by July 21, 2014."

We must, therefore, review whether the plaintiff violated that order, and whether the sanction imposed was proportional to the violation.

We review the second requirement, namely, whether the court order was violated, for clear error. See *Usowski* v. *Jacobson*, supra, 267 Conn. 85; see also *Santa Fuel, Inc.* v. *Varga*, 77 Conn. App. 474, 488–89, 823 A.2d 1249 ("The trial court's findings are binding upon this court unless they are clearly erroneous . . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed . . . ." [Internal quotation marks omitted.]), cert. denied, 265 Conn. 907, 831 A.2d 251 (2003).

The record supports the court's finding that the plaintiff violated the court's order. The plaintiff filed his objection to the defendant's motion for nonsuit on July 31, 2014—more than one week past the court-ordered July 21, 2014 deadline. In this objection, the plaintiff stated that he "has been unable to retain counsel so that [Kolesnik] may be deposed"despite due diligence. The plaintiff also acknowledged that "[t]he [c]ourt ordered that [Kolesnik] be deposed before July 21, 2014," but insisted that Kolesnik "cannot be deposed until replacement counsel is retained." Thus, the plaintiff did not dispute the fact that the order had been violated. We cannot conclude that the court's finding was clearly erroneous because, by his own statement, the plaintiff did not comply with the court's order within the time prescribed by the court.

Further, ample evidence supports the court's finding that the plaintiff failed to exercise due diligence in seeking replacement counsel. As the court noted, the plaintiff demonstrated that only one candidate for replacement counsel was solicited. The plaintiff's only documented communications with this attorney were from April, 2014 and September, 2014. The latter date, of course, was more than six weeks after the July 21, 2014 deadline for Kolesnik's deposition. At the hearing on the motion for nonsuit, Kolesnik represented that this attorney "gave [him] the impression that he would take the case," but he does not claim that this attorney ever agreed to take the case. Thus, although Kolesnik was required by court order to be deposed no later than July 21, 2014, not only did he not appear, but he did not make contact with the one attorney he solicited to replace him until *weeks* after the court order had been violated. To make matters worse, he did not initiate the contact; Stanger initiated contact to decline the case. Although "[d]ue diligence means doing everything reasonable, not everything possible"; (internal quotation marks omitted) *Skakel* v. *State*, 295 Conn. 447, 507, 991 A.2d 414 (2010); we cannot conclude that the court's

finding that the plaintiff acted unreasonably under these circumstances was clearly erroneous.

Finally, we review, for abuse of discretion, whether the sanction of nonsuit was proportional to the violation. See *Usowski* v. *Jacobson*, supra, 267 Conn. 85. "When reviewing claims under an abuse of discretion standard, the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness . . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . . [T]he question is not whether any one of us, had we been sitting as the trial judge, would have exercised our discretion differently. . . . Rather, our inquiry is limited to whether the trial court's ruling was arbitrary or unreasonable." (Citation omitted; internal quotation marks omitted.) *State* v. *Smith*, 313 Conn. 325, 336, 96 A.3d 1238 (2014).

The following additional facts and procedural history, which are relevant to our resolution of this issue and which pertain to the plaintiff's discovery conduct, either are set forth in the trial court's memorandum of decision or appear in the record. On July 8, 2013, the court, *Hon. Barbara J. Sheedy*, judge trial referee, entered an order in response to a previous motion for nonsuit filed by the defendant.[3] This order directed the plaintiff to appear for a deposition within sixty days, and further stated that a nonsuit would enter if the plaintiff failed to appear. The defendant filed another motion for nonsuit on September 9, 2013. In this motion, the defendant argued that the plaintiff had refused to sit for longer than two hours at a time for his deposition, thereby obstructing discovery. In response, the court ordered the plaintiff's deposition to be conducted during a full day at the courthouse no later than October 22, 2013.

On October 18, 2013, the defendant filed yet another motion for nonsuit as a result of the plaintiff's continued failure to complete his own deposition as well as the deposition of his wife. This motion was denied by the court on January 21, 2014, but in its memorandum of decision, the court found that the plaintiff was noncompliant with a previous court order, and that this noncompliance had prejudiced the defendant. The court gave the plaintiff a final opportunity to comply and ordered that the subject depositions be concluded by May 1, 2014.

Additionally, on April 15, 2014, the defendant filed a motion for sanctions for unrelated discovery misconduct on the part of the plaintiff. Although the court denied this motion, it made the following remarks in its order issued on June 19, 2014: "[Kolesnik] is reminded that he has a duty to obey court orders. . . . [Kolesnik] is notified that if a violation of a court order occurs in the future, sanctions will be considered."

The court summarized much of this history in its memorandum of decision on the subject motion for nonsuit. In light of this history, the court concluded that Kolesnik's failure to appear for a deposition "was not an isolated event." Instead, the court found, this failure was part and parcel of a pattern of noncompliance spanning several years. The court also found that Kolesnik's noncompliance was not caused by inability, but, rather, was caused by a "lack of due diligence and deliberate and unwarranted disregard for the court's authority."

We conclude that the court did not abuse its discretion in concluding that the sanction of nonsuit was proportional to the plaintiff's violation. The record establishes that the plaintiff was on notice as early as March 20, 2014, that the defendant might seek to take Kolesnik's deposition. Notwithstanding the court's explicit finding that Kolesnik's testimony was central to the plaintiff's claims against the defendant, and the court's accompanying order that he be deposed by July 21, 2014, Kolesnik never appeared. Additionally, the record supports the court's finding that this failure was part of ongoing discovery misconduct. A continuing pattern of violations warrants dismissal of the action. Cf. *Usowski* v. *Jacobson*, supra, 267 Conn. 93. The court repeatedly warned the plaintiff that sanctions would be considered if discovery did not move toward completion. Indeed, on June 19, 2014—approximately one month before the July 21, 2014 deadline for Kolesnik's deposition—the court explicitly warned the plaintiff that "if a violation of a court order occurs in the future, sanctions will be considered." The plaintiff continuously ignored the court's warnings.

Moreover, at no point did the plaintiff cure his violation. On this point, this court's decision in *Blinkoff* v. *O & G Industries, Inc.*, 89 Conn. App. 251, 873 A.2d 1009, cert. denied, 275 Conn. 907, 882 A.2d 668 (2005), a case relied on by the plaintiff, is instructive. The plaintiff in *Blinkoff* brought an action to recover damages for unfair trade practices. Id., 252. During discovery, the defendant served the plaintiff with requests for production of documents and interrogatories. Id., 254. When the plaintiff did not fully reply, the defendant filed a motion to compel. Id., 254. The court granted the motion. Id. In an order dated March 10, 2003, the court ordered that a nonsuit would enter if the plaintiff did not comply within fourteen days. Id. In subsequent court documents, the plaintiff claimed that she complied with the court's March 10, 2003 order on May 16, 2003—more than fourteen days later. Id. On October 2, 2003, the defendant filed a motion for entry of a judgment of nonsuit on the ground that the plaintiff failed to comply with the court's March 10, 2003 order within the prescribed fourteen days. Id., 254–55. The court granted the motion. Id., 255.

On appeal in *Blinkoff*, the plaintiff claimed that the court improperly rendered a judgment of nonsuit as a discovery sanction. Id., 252. This court agreed, holding that the sanction was not proportional to the violation. Id., 259. Specifically, this court noted that "[a]s of the filing of the defendant's motion for nonsuit in October, 2003, [the plaintiff] had complied with all of the court's other orders." Id. Thus, although the plaintiff technically failed to comply within the time frame set forth in the court's order, she nevertheless "later complied with the defendant's discovery requests in a fashion that the defendant [did] not claim prejudiced its ability to prepare for trial . . . ." Id. In other words, the plaintiff's subsequent compliance cured her previous violation. In view of this fact, this court concluded that "the [trial] court's imposition of the ultimate sanction of nonsuit was disproportionate to [the plaintiff's] violation of its previous order." Id.

In contrast to *Blinkoff*, the plaintiff in the present case has not complied with the court's order. The court noted in its memorandum of decision that as of September 15, 2014—approximately two months after the prescribed deadline—the plaintiff still had not complied. Indeed, there is no evidence in the record, and no claim on the part of the plaintiff in this appeal, that compliance has since occurred. Further, unlike in *Blinkoff*, the defendant here claimed, and the trial court found, that the plaintiff's conduct prejudiced her ability to prepare for trial. See id.; see also *Tuccio* v. *Garamella*, 114 Conn. App. 205, 210, 969 A.2d 190 (2009) (holding sanction of nonsuit disproportional to violation where compliance occurred shortly after judgment entered and where defendant did not claim prejudice).

For the foregoing reasons, we conclude that a judgment of nonsuit was an appropriate sanction for the plaintiff's continuing abuse of the discovery process.

## II

The plaintiff next claims that the court improperly denied his motion to reargue. We disagree.

The following additional facts are relevant to our resolution of this claim. At the September 15, 2014 hearing on the defendant's motion for nonsuit, the defendant was permitted to testify about the prejudice she has suffered as a result of the plaintiff's discovery misconduct. Specifically, the defendant testified about the difficulty she has faced obtaining affordable malpractice insurance as result of the protracted lawsuit pursued by the plaintiff. She testified that her malpractice premium "had tripled from what it used to be because of the increasing amount of costs that have been incurred [in] this case." During the direct examination, the plaintiff objected to a question posed regarding what the defendant's insurance broker told her was the reason for her premium increase on hearsay grounds. The court

overruled the objection, but instructed the defendant: "Don't tell us what you were told. Just tell us what happened."

On cross-examination, the plaintiff attempted to elicit testimony from the defendant. For example, the plaintiff asked the defendant whether she refused to sit for a deposition after being noticed multiple times and whether she failed to settle the case. The defendant objected to virtually all of the questions posed on the ground that they were beyond the scope of direct. The court sustained all of the defendant's objections. The court explained to the plaintiff's counsel that the purpose of the examination was to vet the issue of prejudice, not to try the underlying merits of the case. The court further explained that the plaintiff could argue the motion at the appropriate time during the hearing, but not during examination of a witness.

As discussed previously, the court found, among other things, that the defendant had been prejudiced by the plaintiff's discovery misconduct and, accordingly, granted the motion for nonsuit. In its memorandum of decision on the motion for nonsuit, the court made the following remarks: "As to [the issue of] prejudice, at the hearing on the motion [for nonsuit], the defendant testified that, as a result of having to defend this action, her malpractice premium had increased and it was difficult for her to obtain renewed insurance coverage. In the absence of evidence from her carrier, the court does not base its decision on her contentions." Rather than basing its finding of prejudice on the defendant's testimony concerning her malpractice premiums, the court instead found that "[t]he defendant has been prejudiced in her ability to prepare for trial."

On October 29, 2014, the plaintiff filed a motion captioned "motion to reopen, set aside, and/or reargue." In his memorandum of law in support of this motion, the plaintiff requested that the court open and set aside its judgment of nonsuit, schedule reargument, continue the previously scheduled December 2, 2014 trial date, permit depositions to continue, and permit the plaintiff to obtain replacement counsel. With respect to the testimonial evidence presented at the September 15, 2014 hearing, the plaintiff stated the following: "During the hearing on [the motion for nonsuit] the court allowed defendant wide latitude on her direct testimony but severely restricted plaintiff's counsel in his cross-examination of her. Counsel has ordered a copy of the transcript of said testimony and will be able to present a more specific argument on this issue upon receipt of said transcript." The plaintiff never filed a supplemental memorandum setting forth further argument on this issue.

In a memorandum of decision issued on December 1, 2014, the court denied the plaintiff's motion. The court noted that its "decision on the motion for nonsuit

was dated October 20, 2014 and cited portions of the transcript of the [September 15, 2014] hearing, which was available [to the plaintiff] at that time." The court also remarked that the plaintiff did not file a supplemental memorandum—more than one month later—and that in any event, "the court did not base its decision on the defendant's testimony at the hearing."

We set forth the standard of review. We note that in his motion, which is captioned as a "motion to reopen, set aside, and/or reargue," the plaintiff requested that the court open the judgment of nonsuit *and* grant reargument. In his appellate brief, however, the plaintiff has only argued that the court improperly denied reargument. Thus, we will only consider whether the court improperly denied the plaintiff's motion to reargue, a claim which we review for abuse of discretion. See *Spatta* v. *American Classic Cars, LLC*, 150 Conn. App. 20, 27, 90 A.3d 318 ("[t]he standard of review for a court's denial of a motion to reargue is abuse of discretion" [internal quotation marks omitted]), cert. denied, 312 Conn. 919, 94 A.3d 640 (2014).

In support of this claim, the plaintiff argues that the court improperly restricted him from fully examining the defendant during the motion for nonsuit hearing. Specifically, the plaintiff argues that the court improperly denied him the opportunity to elicit testimony concerning alternative reasons the defendant has been prejudiced, namely, her failure timely to sit for a deposition and her failure to settle the case. The plaintiff also contends that the court improperly considered the hearsay statements of the defendant concerning her increased malpractice insurance premiums. The defendant objects, arguing that the plaintiff's motion was improper because he simply attempted to reargue the merits, which is not permitted in a motion to reargue.

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple . . . ." (Internal quotation marks omitted.) *Hudson Valley Bank* v. *Kissel*, 303 Conn. 614, 624, 35 A.3d 260 (2012).

We conclude that the court did not abuse its discretion. To begin with, in his motion to reargue, the plaintiff simply stated that he was severely restricted from presenting evidence and eliciting testimony from the defendant at the hearing on the motion for nonsuit and that he would provide a fuller argument on this point at a later, unspecified time. As the court noted, however, no supplemental memorandum was ever filed. Thus, the court was not notified of the specific grounds upon

which the plaintiff relied. On this point, we note that the judgment of nonsuit was a final judgment. See *Burgess* v. *Vanguard Ins. Co.*, 192 Conn. 124, 125 n.1, 470 A.2d 244 (1984) ("[a] judgment of nonsuit is a final judgment from which an appeal lies"). Consequently, the plaintiff's motion to reargue would have delayed the appeal period and, accordingly, was filed pursuant to Practice Book § 11-11.[4] The plaintiff's motion does not conform to this rule; although the plaintiff states that the court "severely restricted" his cross-examination of the defendant, he does not explain how or what the court precluded him from eliciting. In other words, it does not "state the *specific* grounds upon which the [plaintiff] relies." (Emphasis added.) Practice Book § 11-11.

We also note that to the extent the plaintiff claims that he was aggrieved by the court's admission of the defendant's hearsay testimony, the court explicitly stated *twice* that it did not consider such evidence in making its ruling. On the basis of the foregoing analysis, we conclude that the court did not abuse its discretion when it denied the plaintiff's motion to reargue.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Practice Book § 13-14 provides in relevant part: "(a) If any party has failed to . . . appear and testify at a deposition duly noticed pursuant to this chapter . . . the judicial authority may, on motion, make such order as the ends of justice require.

"(b) Such orders may include the following:

"(1) [t]he entry of a nonsuit or default against the party failing to comply . . . ."

[2] Appended to the defendant's motion were copies of e-mail correspondence from her counsel's paralegal to Kolesnik's paralegal, in which the former requested potential dates for Kolesnik's deposition.

[3] In this earlier motion for nonsuit, the defendant argued that the plaintiff failed to appear for his properly noticed deposition.

[4] Practice Book § 11-11 provides: "Any motions which would, pursuant to Section 63-1, delay the commencement of the appeal period, and any motions which, pursuant to Section 63-1, would toll the appeal period and cause it to begin again, shall be filed simultaneously insofar as such filing is possible, and shall be considered by the judge who rendered the underlying judgment or decision. The party filing any such motion shall set forth the judgment or decision which is the subject of the motion, the name of the judge who rendered it, the specific grounds upon which the party relies, and shall indicate on the bottom of the first page of the motion that such motion is a Section 11-11 motion. The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal, but shall not apply to motions under Section 16-35, 17-2A and 11-12."