******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

JULIO GUTIERREZ *v.* DANIEL MOSOR
(AC 43881)

Alvord, Clark and Sullivan, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court rendered for the plaintiff after a trial to the jury on the issue of damages in which the defendant was precluded from offering evidence as a result of a prior default the court imposed against him as a sanction for failing to attend his scheduled deposition. The defendant claimed, inter alia, that the trial court abused its discretion by imposing and thereafter refusing to set aside the default. The plaintiff contractor had brought an action in negligence against the defendant as a result of injuries the plaintiff suffered after falling from a platform on property where the defendant allegedly was constructing a house. The self-represented defendant timely filed an answer and special defense to the plaintiff's complaint. More than two years later, the plaintiff filed a reply to the special defense and, about one year after that, issued to the defendant a renotice for his deposition at the law office of the plaintiff's counsel. Thereafter, the defendant, who had not filed an objection to the plaintiff's motion for default, then filed a motion, through counsel, to set aside the default, claiming that good cause existed to set aside the default because, as a then self-represented party, he had been confused about where to appear and what would happen on the date of the deposition. The trial court denied the motion to set aside the default, noting that the defendant had failed to file an objection to that motion and concluding that he failed to demonstrate good cause to set aside the default. *Held* that the trial court abused its discretion in granting the plaintiff's motion for default, as the sanction of default was not proportional to the defendant's single discovery violation when he failed to attend his deposition: there was an insufficient record from which the court could have determined that the defendant's conduct was wilful or in bad faith, as the motion for default simply alleged that he had notice of and was aware of the deposition but failed to attend, and the record was devoid of evidence regarding the cause of his noncompliance or whether his conduct demonstrated an egregious or continuing pattern of behavior, or contumacious or unwarranted disregard for the court's authority; moreover, the defendant's failure to object to the motion for default had no bearing on whether the court's sanction was proportional to his violation, the court made no finding of prejudice to the plaintiff, and nothing in the record showed that, for at least three years of the four and one-half year pendency of the plaintiff's action prior to trial, the delay argued by the plaintiff was in any way attributable to the defendant; furthermore, the court had available to it a variety of other sanctions it could have imposed that would have reimbursed the plaintiff for fees he may have incurred with respect to the deposition and vindicated his interest in avoiding undue expense during discovery while ensuring that a trial on the merits of the case could take place; accordingly, the judgment was reversed and the case was remanded for further proceedings.

Argued May 13—officially released August 24, 2021

*Procedural History*

Action to recover damages for the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Shapiro, J.,* defaulted the defendant; thereafter, the court, *Hon. Robert B. Shapiro,* judge trial referee, denied the defendant's motions to set aside the default and for permission to file notice as to a hearing in damages; subsequently, the issue of damages was tried

to the jury before *Dubay, J.*; verdict for the plaintiff; thereafter, the court, *Dubay, J.*, denied the defendant's motion to set aside the verdict and rendered judgment for the plaintiff, from which the defendant appealed to this court. *Reversed*; *further proceedings.*

*Joseph A. La Bella*, for the appellant (defendant).

*Deborah V. Jekot*, with whom, on the brief, was *Jack G. Steigelfest*, for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendant, Daniel Mosor, appeals from the judgment of the trial court, rendered in favor of the plaintiff, Julio Gutierrez, after the defendant was defaulted for failing to appear at a deposition prior to a trial to a jury on the issue of damages. On appeal, the defendant claims that the court abused its discretion by (1) defaulting him for a single failure to attend the deposition, (2) refusing to set aside the default, and (3) sustaining the plaintiff's objection to the defendant's motion for permission to file a notice as to the hearing in damages, which precluded him from offering any evidence contesting liability at the trial before the jury. We agree with the defendant's first claim and, accordingly, reverse the judgment of the trial court.

The following factual and procedural history is relevant to our resolution of the claims on appeal. The plaintiff commenced this action against the defendant on January 12, 2015. In his complaint, the plaintiff alleged that the defendant was the owner or party in possession and control of certain real property at 2010 Manchester Road in Glastonbury, on which the defendant was constructing a house. In connection therewith, the defendant hired various contractors, including the plaintiff, to perform work. The complaint further alleged that, "[o]n or about June 13, 2014, the plaintiff was standing on a metal staging platform attached to two ladders on each end that were leaning against the edge of the roof," and that "[o]ne or both of the ladders shifted because the legs of the ladders were located on a soft, wet and muddy surface, causing the staging to become unstable and causing the plaintiff to fall approximately [fifteen] to [twenty] feet to the ground." According to the complaint, the plaintiff's resulting injuries were caused by the "carelessness and negligence of the defendant . . . ."

On January 28, 2015, the self-represented defendant filed an answer and special defense, in which he denied that he was the owner or party in possession and control of the subject property, and asserted the following as a special defense: "I subcontracted [the] roof to a subcontractor by the name of Jose Flores, who was the employer of [the plaintiff]. Jose and [the plaintiff] went on the job site on a rainy day when they had no permission and should not have been staging a roof [in] that type of weather conditions. I don't know who [the plaintiff] is, and I don't know what he was doing on the job site." Just over two years later, on January 31, 2017, the plaintiff filed a reply denying the allegations of the special defense, as well as a claim for a jury trial.[1] The next day, February 1, 2017, the plaintiff also filed a certificate of closed pleadings and a claim for the trial list.

Almost one year later, on January 29, 2018, the plain-

tiff's attorney issued to the defendant a "renotice" of his deposition, which was to take place on March 14, 2018, at 10 a.m. in the law office of the plaintiff's attorney. According to the plaintiff's attorney, the defendant called the attorney's office on Monday, March 12, 2018, to confirm the appointment, although he thought it was for a court appearance. The plaintiff's attorney responded in a call back to the defendant and left a message, stating that the renotice was not for a court appearance but for a deposition that was scheduled to take place at the attorney's office. The defendant never responded to that message. On March 14, 2018, the day of the deposition, the plaintiff's attorney, again, called the defendant to confirm his appearance and left another message for him, but he did not respond to that message, either.

Thereafter, on March 26, 2018, the plaintiff filed a motion for default for the defendant's failure to appear at his deposition. In support of his motion for default, the plaintiff attached the deposition notice, as well as a brief transcript of the deposition's preliminary proceeding on March 14, 2018, in which his attorney recounted the events leading up to the deposition. The motion simply asserted that the defendant had notice, and was aware of the scheduled deposition and failed to appear. In granting the plaintiff's motion for default, the court, *Shapiro*, *J.*, stated: "The defendant filed no objection in response to the motion for default. Since the defendant failed to attend his scheduled deposition, a default may enter against the defendant." Notice of the default was issued by the court on April 11, 2018.

On September 27, 2018, counsel filed an appearance on behalf of the defendant, who, until that point, had been acting as a self-represented party. The defendant's attorney also filed a motion for a continuance of a hearing in damages that was scheduled to take place on October 10, 2018. On November 29, 2018, the defendant's attorney, again, filed a motion for a continuance of the hearing in damages, which previously had been rescheduled to take place on December 5, 2018. Both motions for continuances were granted by the court.

Thereafter, on January 2, 2019, the defendant, through counsel, filed a motion to set aside the default, in which he claimed that good cause existed for setting aside the default. Specifically, he claimed that, as a self-represented party, he "was confused about where to appear and what was happening on the date of the scheduled deposition," and that he never spoke with anyone from the office of the plaintiff's attorney because they simply left him messages. On that same day, the defendant also filed a notice as to the hearing in damages, in which he sought to give notice of his defenses to the action pursuant to Practice Book § 17-34.[2] The plaintiff filed an objection to the motion to set aside the default, as well as an objection to the defendant's

notice of defenses, claiming that the notice was not timely filed within the ten day period provided for in Practice Book § 17-35 (b).[3]

In a memorandum of decision dated January 17, 2019, the court, *Hon. Robert B. Shapiro*, judge trial referee, denied the defendant's motion to set aside the default, concluding that the defendant had failed to demonstrate good cause for setting aside the default. The court determined that the plaintiff had been "prejudiced by the defendant's delay in attending to this matter," finding that the defendant never provided an excuse for his delay in presenting the argument that he was confused by the notice of deposition, that the defendant's attorney waited more than three months after filing an appearance in this matter to file the motion to set aside the default, and that the defendant did not provide an affidavit in support of his motion to set aside the default. The court further stated that "the defendant's failure to respond to the plaintiff's motion for default may not be excused," and that, "[i]f the default were opened now, almost one year will have passed since the plaintiff's January 29, 2018 notice of deposition. The plaintiff has been prejudiced also by the defendant's delay in that [the plaintiff] consented to a motion to continue the previously scheduled hearing in damages, only to face the motion to open, which was filed shortly before the continuation date of that hearing."

Following the denial of his motion to set aside the default, the defendant filed a motion for permission to file a notice as to the hearing in damages pursuant to Practice Book § 17-34. In his motion, he alleged that, in light of the circumstances as set forth in his attached affidavit, it would be appropriate for the court to allow him to contest some of the allegations of the complaint. In his affidavit, the defendant attested to the following: he is not an attorney and lacks legal training; he was prepared to appear in court on March 14, 2018, and did, in fact appear at the courthouse in Middletown; he called the plaintiff's counsel to confirm that he would be appearing in court on March 14, 2018; he, as a self-represented party, did not understand the significance of the notice of deposition at the time it was scheduled; he did not wilfully disobey the court; he has a good and valid defense to the plaintiff's action; and he was not familiar with a notice of defenses in March and April, 2018. The court also denied the defendant's motion for permission, noting, first, that the defendant did not file a notice of defenses within the ten day period required by Practice Book § 17-35 (b), and, second, that, even though it had discretion to permit a late filing of a notice of defenses, it "[was] not persuaded by the defendant's statements about his lack of familiarity with the court process." Specifically, the court found that "the defendant did not pay proper attention to this matter," that, even though he was self-represented through most of the proceedings, "the rules of practice

[could not] be ignored to the detriment of other parties," that discovery would have to be opened if the court permitted the defendant's late filing, and that it did not credit the defendant's statement that he appeared at the courthouse in Middletown given that this matter had been filed in the Superior Court in Hartford. Accordingly, the defendant was precluded from offering any evidence as to liability at the hearing in damages.

On September 17, 2019, the case proceeded to a hearing in damages before a jury, which returned a verdict in favor of the plaintiff, awarding him damages in the amount of $181,201.81. On January 16, 2020, the court, *Dubay*, *J.*, denied the defendant's motion to set aside the verdict and rendered judgment in favor of the plaintiff, stating: "While this court may have decided the issue differently given our law's preference to have matters heard on their merits, this court cannot and will not overrule [Judge] Shapiro . . . by granting this motion." The defendant's timely appeal to this court followed. Additional facts and procedural history will be set forth as necessary.

The defendant claims that the trial court abused its discretion in defaulting him as a sanction for his failure to attend the deposition. Specifically, the defendant claims that the court's imposition of the sanction of default was an abuse of discretion because (1) there was nothing in the record demonstrating that he acted in bad faith, that his failure to attend the deposition resulted from wilful misconduct, or that he engaged in a repeated pattern of misbehavior, (2) his conduct did not rise to the level of being contumacious, and (3) the sanction imposed was disproportionate to the conduct at issue. We agree.

We first set forth our standard of review and the legal principles applicable to this claim. "A trial court's power to sanction a litigant or counsel stems from two different sources of authority, its inherent powers and the rules of practice." *Lafferty* v. *Jones*, 336 Conn. 332, 373, 246 A.3d 429 (2020), cert. denied,     U.S.    , 141 S. Ct. 2467, 209 L. Ed. 2d 529 (2021). The court's "inherent authority permits sanctions for dilatory, bad faith and harassing litigation conduct"; (internal quotation marks omitted) id.; and, pursuant to "Practice Book § 13-14, for noncompliance with the court's discovery orders"; id.; or for the party's failure to appear and testify at a duly noticed deposition. See also Practice Book § 13-14 (a). One such permissible sanction under § 13-14 is "[t]he entry of a nonsuit or default against the party failing to comply . . . ." Practice Book § 13-14 (b) (1). "[T]he primary purpose of a sanction for violation of a discovery order is to ensure that the [party's] rights are protected, not to exact punishment on the [noncomplying party] for its allegedly improper conduct." (Internal quotation marks omitted.) *Usowski* v. *Jacobson*, 267 Conn. 73, 85, 836 A.2d 1167 (2003).

Our Supreme Court has stated that, "[i]n reviewing the portion of the sanctions based on the violation of discovery orders, we consider three factors. First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. This requirement poses a legal question that we will review de novo. Second, the record must establish that the order was in fact violated. This requirement poses a question of fact that we will review using a clearly erroneous standard of review. Third, the sanction imposed must be proportional to the violation. This requirement poses a question of the discretion of the trial court that we will review for abuse of that discretion. *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, [257 Conn. 1, 17–18, 776 A.2d 1115 (2001)]. The determinative question for an appellate court is not whether it would have imposed a similar sanction but whether the trial court could reasonably conclude as it did *given the facts presented*. Never will the case on appeal look as it does to a [trial court] . . . faced with the need to impose reasonable bounds and order on discovery. . . . Trial court judges face great difficulties in controlling discovery procedures which all too often are abused by one side or the other and this court should support the trial judges' reasonable use of sanctions to control discovery." (Citation omitted; emphasis added; internal quotation marks omitted.) *Lafferty* v. *Jones*, supra, 336 Conn. 373–74.

In the present case, even though the defendant claims that he was confused and thought that he was supposed to be in court on March 14, 2018, the notice of deposition was reasonably clear and provided that his deposition was to take place at the law office of the plaintiff's attorney in Hartford. Moreover, there is no dispute that the defendant failed to attend the scheduled deposition. The defendant's appellate brief focuses primarily on his claim that the sanction imposed was disproportionate to the conduct.

Our Supreme Court previously has set forth the factors that an appellate court must consider when reviewing the reasonableness of a sanction imposed by the trial court. See *Yeager* v. *Alvarez*, 302 Conn. 772, 787, 31 A.3d 794 (2011). Those factors include: "(1) the cause of the [sanctioned party's] failure to [comply with the discovery order], that is, whether it is due to inability rather than the [wilfulness], bad faith or fault of the [sanctioned party] . . . (2) the degree of prejudice suffered by the opposing party, which in turn may depend on the importance of the information requested to that party's case . . . and (3) which of the available sanctions would, under the particular circumstances, be an

appropriate response to the disobedient party's conduct." (Internal quotation marks omitted.) Id.

"[I]n assessing proportionality, a trial court must consider the totality of the circumstances, including, most importantly, the nature of the conduct itself." *Ridgaway* v. *Mount Vernon Fire Ins. Co.*, 328 Conn. 60, 76, 176 A.3d 1167 (2018). In *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 1, our Supreme Court cautioned that a trial "court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . Therefore, although dismissal of an action is not an abuse of discretion where a party shows *deliberate, contumacious or unwarranted disregard for the court's authority* . . . the court should be reluctant to employ the sanction of dismissal except as a last resort. . . . [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 16–17. Like a dismissal, a default judgment is also one of the more severe sanctions that a court may impose; see *Forster* v. *Gianopoulos*, 105 Conn. App. 702, 711, 939 A.2d 1242 (2008) (sanction of default judgment imposed by court is "most severe a court may impose"); as "[a] default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, conclusively determines the liability of a defendant." (Emphasis omitted; internal quotation marks omitted.) *Bank of New York* v. *National Funding*, 97 Conn. App. 133, 138, 902 A.2d 1073, cert. denied, 280 Conn. 925, 908 A.2d 1087 (2006), cert. denied sub nom. *Reyad* v. *Bank of New York*, 549 U.S. 1265, 127 S. Ct. 1493, 167 L. Ed. 2d 229 (2007).

In *Null* v. *Jacobs*, 165 Conn. App. 339, 341, 139 A.3d 709 (2016), after the plaintiff's counsel failed to appear for a court-ordered deposition, the trial court rendered a judgment of nonsuit as a sanction for the violation of the court's discovery order. On appeal, the plaintiff claimed, inter alia, that the sanction was not proportional to the violation. Id. The trial court in *Null* based its decision to grant the defendant's motion for a judgment of nonsuit on the fact that the failure of the plaintiff's attorney to appear for the deposition " 'was not an isolated event' "; id., 348; but, rather, "was part and parcel of a pattern of noncompliance spanning several years." Id. The trial court also found that the noncompliance was caused by a " 'lack of due diligence and deliberate and unwarranted disregard for the court's authority.' " Id., 348–49. Under those circumstances, this court

determined that the trial "court did not abuse its discretion in concluding that the sanction of nonsuit was proportional to the plaintiff's violation," which "was part of ongoing discovery misconduct" and demonstrated "[a] continuing pattern of violations [that warranted] dismissal of the action." Id., 349.

The appellate courts of this state consistently have upheld nonsuits, defaults or other sanctions imposed for discovery violations where the noncomplying party has exhibited a pattern of violations or discovery abuse demonstrating a disregard for the court's authority. See *Lafferty* v. *Jones*, supra, 336 Conn. 375, 379, 380 (trial court did not abuse its discretion in sanctioning defendants for discovery violations when defendants violated four reasonably clear discovery orders and exhibited pattern of wilfulness, and sanctions imposed were measured in relation to defendants' noncompliance with limited discovery, and were "well short of a default or dismissal, insofar as they [did] not preclude the defendants from having the merits of their cases adjudicated in a conventional manner, such as by summary judgment or trial"); *Alpha Beta Capital Partners, L.P.* v. *Pursuit Investment Management, LLC*, 198 Conn. App. 671, 699, 702, 234 A.3d 997 (2020) (trial court's order of sanctions did not constitute abuse of discretion when defendants habitually failed to comply with discovery orders and court found that "defendants' practice of disobeying its discovery orders was continuous," and "court's order of sanctions reimbursed the plaintiff for the attorney's fees and other litigation costs that it incurred in order to compel the defendants to provide it with certain documents that the court had ordered they disclose" (internal quotation marks omitted)); *Skyler Ltd. Partnership* v. *S.P. Douthett & Co.*, 18 Conn. App. 245, 248, 557 A.2d 927 (it was not abuse of discretion for trial court to default defendant for failure to appear for deposition when deposition was noticed to defendant's counsel four times and it was clear from record that defendant and his counsel knew of scheduled deposition), cert. denied, 212 Conn. 802, 560 A.2d 984 (1989).

In contrast, in *Usowski* v. *Jacobson*, supra, 267 Conn. 93, our Supreme Court determined that the trial court had abused its discretion. In that case, the trial court had dismissed the action due to the plaintiff's failure to comply with three separate discovery orders, finding that the plaintiff "had engaged in a pattern of discovery abuse . . . ." Id., 92. Our Supreme Court disagreed, determining that the trial court "abused its discretion because the record [did] not establish that the failure to comply with the discovery orders constituted a continuing pattern of violations that warranted dismissal of the action." Id., 93. Specifically, our Supreme Court concluded "that the plaintiff's conduct, considered in its entirety, [did] not evince a contumacious or unwarranted disregard for the court's authority . . . that jus-

tified dismissal of the action. *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 16. Dismissal was not the only reasonable remedy available to vindicate the legitimate interests of the defendants in avoiding undue expense during discovery. . . . Accordingly, the plaintiff's failure to comply with the three discovery orders did not constitute a pattern of abuse so egregious as to warrant dismissal, the remedy of last resort." (Internal quotation marks omitted.) *Usowski* v. *Jacobson*, supra, 95–96.

Similarly, in *Blinkoff* v. *O & G Industries, Inc.*, 89 Conn. App. 251, 256, 259, 873 A.2d 1009, cert. denied, 275 Conn. 907, 882 A.2d 668 (2005), this court found that the trial court abused its discretion by rendering a judgment of nonsuit as a result of the plaintiff's two month delay in complying with a discovery order. Specifically, this court found that the sanction of nonsuit was not proportional to the discovery violation, as "[t]he two month delay [did] not demonstrate a contumacious or unwarranted disregard for the court's authority . . . ." (Internal quotation marks omitted.) Id., 259. In *Blinkoff*, there were no other discovery violations in the record; id., 259 n.7; and, although this court recognized that the plaintiff had "demonstrated a lack of diligence and adherence to court orders regarding discovery," the plaintiff did "in fact later [comply] with the defendant's discovery requests in a fashion that the defendant [did] not claim prejudiced its ability to prepare for trial . . . ." Id., 259.

Moreover, in *Tuccio* v. *Garamella*, 114 Conn. App. 205, 206, 969 A.2d 190 (2009), this court found that the trial court abused its discretion by rendering a judgment of nonsuit against the plaintiffs as a discovery sanction for their failure to respond to interrogatories and requests for production. We noted that "[t]here [was] an insufficient record from which to conclude either that counsel was unable to respond to the interrogatories before he did, or that failure to respond was wilful or in bad faith, and the [trial] court made neither finding. There was no evidence of prejudice to the defendant except for his claim that he was prejudiced by the lawsuit against him itself." Id., 208. This court concluded that, although "[t]here was a delay and lack of diligence on the part of the plaintiffs with no real explanation for the delay in responding to the interrogatories . . . under the circumstances of [that] case . . . the ultimate sanction of nonsuit was disproportionate to the violation of the discovery request and therefore an abuse of discretion." Id., 210; see also *D'Ascanio* v. *Toyota Industries Corp.*, 309 Conn. 663, 665, 681, 683, 72 A.3d 1019 (2013) (reversal of trial court's judgment directing verdict in defendants' favor was proper where court abused its discretion in imposing sanctions because "objectionable conduct at issue was an isolated event and was not one in a series of actions in disregard of the court's authority"); *West Haven Lumber Co.* v.

*Sentry Construction Corp.*, 117 Conn. App. 465, 474–75, 979 A.2d 591 (trial court did not abuse its discretion in denying motion for judgment of nonsuit for plaintiff's failure to appear for deposition when no evidence was presented showing that plaintiff wilfully disregarded discovery order or avoided deposition out of bad faith), cert. denied, 294 Conn. 919, 984 A.2d 70 (2009).

The present case involves a single violation of a discovery order resulting from the defendant's failure to attend a duly scheduled deposition. In *Ridgaway*, our Supreme Court explained that "[o]ur appellate courts have upheld the imposition of a sanction of nonsuit when there is evidence of *repeated* refusals to comply with a court order"; (emphasis added) *Ridgaway* v. *Mount Vernon Fire Ins. Co.*, supra, 328 Conn. 73; but acknowledged that it "has not considered whether a *single act* of misconduct could warrant the sanction of nonsuit . . . ." (Emphasis added.) Id., 73–74. The court further explained that "courts in other jurisdictions have concluded that a single act could warrant nonsuit or dismissal if the act is sufficiently egregious, particularly when the improper conduct involves the perpetration of a deception on the court." Id., 74. The present case does not involve any such deception on the court or egregious conduct by the defendant.

Here, the information before the court regarding the defendant's failure to attend the deposition was limited. The plaintiff's motion for default simply alleged that the defendant had notice and was aware of the scheduled deposition but failed to attend. The court also had before it the representations of the plaintiff's counsel at the outset of the deposition on March 14, 2018, in which the plaintiff's counsel discussed for the record the attempts made to notify the defendant of the location of the deposition and recounted confusion on the defendant's part whereby the defendant thought the deposition notice was for a court appearance. There was nothing before the court demonstrating any kind of pattern of behavior by the defendant, a wilful disregard of the discovery order, the cause of the defendant's noncompliance, or any "deliberate, contumacious or unwarranted disregard for the court's authority . . . ." (Citations omitted; internal quotation marks omitted.) *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 16–17.

In granting the motion for default, the court simply noted the defendant's failure to file an objection to the motion for default and his failure to attend the deposition as the grounds for its decision. The fact that the defendant did not file an objection to the motion for default, however, has no bearing on whether the sanction imposed was proportional to the violation. See, e.g., *Usowski* v. *Jacobson*, supra, 267 Conn. 87 ("argument that the plaintiff . . . did not object to the sanction . . . has no bearing on whether the sanction

was proportional to the violation"). Moreover, although Practice Book § 13-14 permits the entry of a default against a party who fails to attend a duly scheduled deposition, our Supreme Court has cautioned that any sanction imposed for a discovery violation must be proportional to the violation. See *Lafferty* v. *Jones*, supra, 336 Conn. 374.

With respect to the issue of prejudice, the court made no finding of prejudice to the plaintiff in its order granting the motion for default. In his appellate brief, the plaintiff points out that the trial in this case commenced more than four and one-half years after the action was initiated. When the action was commenced, however, the defendant timely filed an answer and special defense. The plaintiff did not reply to the answer and special defense until *two years later* and has not provided any explanation for that delay. Moreover, approximately one year later, on January 29, 2018, the plaintiff "renoticed" the defendant's deposition. Nothing in the "renotice" indicates how many times a notice of the deposition had been provided to the defendant or whether the deposition previously had to be rescheduled. Thus, with respect to at least three years of the four and one-half years since the commencement of this action to trial, there is nothing in the record to show that the delay argued by the plaintiff was in any way attributable to the defendant.

We note that our Supreme Court also "has refused to uphold a sanction of nonsuit when there were available alternatives to dismissal that would have allowed a case to be heard on the merits while ensuring future compliance with court orders." *Ridgaway* v. *Mount Vernon Fire Ins. Co.*, supra, 328 Conn. 75. A default "was not the only option available to vindicate the legitimate interests of the [plaintiff] and the court." *D'Ascanio* v. *Toyota Industries Corp.*, supra, 309 Conn. 683. In the present case, the trial court had available a variety of sanctions that it could have imposed on the defendant for his failure to attend the deposition, including a monetary sanction,[4] which would have reimbursed the plaintiff for any fees that he may have incurred with respect to the deposition that did not take place and vindicated the legitimate interests of the plaintiff in avoiding undue expense during discovery, while still ensuring that a trial on the merits of this action could take place. See *Alpha Beta Capital Partners*, *L.P.* v. *Pursuit Investment Management, LLC*, supra, 198 Conn. App. 685, 702.

Finally, we also must be mindful that the defendant was a self-represented party at the time that he failed to appear for the deposition and when the court granted the plaintiff's motion for a default. Although self-represented parties are not excused from complying with relevant rules of procedural and substantive law, "[i]t is the established policy of the Connecticut courts to

be solicitous of [self-represented] litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the [self-represented] party." (Internal quotation marks omitted.) *Deutsche Bank National Trust Co.* v. *Pollard*, 182 Conn. App. 483, 487–88, 189 A.3d 1232 (2018). This court "has always been solicitous of the rights of [self-represented] litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party." (Internal quotation marks omitted.) *Belica* v. *Administrator, Unemployment Compensation Act*, 126 Conn. App. 779, 787, 12 A.3d 1067 (2011).

Similar to *Usowski*, in which our Supreme Court found an abuse of discretion by the trial court "because the record [did] not establish that the failure to comply with the discovery orders constituted a continuing pattern of violations that warranted dismissal of the action"; *Usowski* v. *Jacobson*, supra, 267 Conn. 93; the record in the present case is devoid of any evidence regarding whether the defendant's conduct demonstrated an egregious or continuing pattern of behavior or "a contumacious or unwarranted disregard for the court's authority . . . ." (Internal quotation marks omitted.) Id., 95. Although "[t]rial courts should not countenance unnecessary delays in discovery"; *Osborne* v. *Osborne*, 2 Conn. App. 635, 639, 482 A.2d 77 (1984); any sanctions imposed must be "proportionate to the circumstances." Id.; see also *Millbrook Owners Assn., Inc.* v. *Hamilton Standard*, supra, 257 Conn. 18.

After examining the totality of the circumstances, as well as the factors that must be considered when reviewing the reasonableness of a sanction imposed by the trial court; see *Yeager* v. *Alvarez*, supra, 302 Conn. 787, we conclude that the sanction of default was not proportional to the defendant's single discovery violation of failing to attend the deposition. The determinative question before this court on appeal is not whether this court "would have imposed a similar sanction but whether the trial court . . . reasonably [could have] conclude[d] as it did *given the facts presented*." (Emphasis added; internal quotation marks omitted.) *Lafferty* v. *Jones*, supra, 336 Conn. 374. As in *Tuccio*, in the present case, there was an insufficient record from which the court could have determined that the defendant's conduct was wilful or in bad faith. See *Tuccio* v. *Garamella*, supra, 114 Conn. App. 208. Nor was there any evidence of prejudice before the court at the time it granted the plaintiff's motion for default. See id. Under these circumstances, the court abused its discretion in granting the plaintiff's motion for default. Because we agree with the defendant's first claim, that the court abused its discretion in granting the plaintiff's motion for default, we need not reach his other claims

concerning the denial of his motions to set aside the default and for permission to file a notice as to the hearing in damages. See id., 207.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The reason for that two year delay is not clear from the record.

[2] Practice Book § 17-34 (a) provides in relevant part: "In any hearing in damages upon default, the defendant shall not be permitted to offer evidence to contradict any allegations in the plaintiff's complaint, except such as relate to the amount of damages, unless notice has been given to the plaintiff of the intention to contradict such allegations and of the subject matter which the defendant intends to contradict . . . ."

[3] Practice Book § 17-35 (b) provides: "In all actions in which there may be a hearing in damages, notice of defenses must be filed within ten days after notice from the clerk to the defendant that a default has been entered."

[4] Other sanctions that the trial court could have imposed include, inter alia, denying the motion for default without prejudice to the motion being renewed if the defendant failed to attend another properly noticed deposition within a certain period of time, or ordering the defendant to appear for a deposition within a certain period of time or a default would enter.